**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

ALEXANDER JESUS GOMEZ JORGE, )
)
Petitioner, )
)
v. ) Case No. CIV-26-03380-JD
)
WARDEN, DIAMONDBACK )
CORRECTIONAL FACILITY, et al., )
)
Respondents. )

**ORDER**

The Court has examined Petitioner's Petition for a Writ of Habeas Corpus [Doc. No. 1] and Petitioner's motion [Doc. No. 2][1] and orders as follows:

1. Not later than **December 8, 2026**, Respondent shall file an answer or other response consistent with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.[2] Alternatively, Respondent may file a pre-answer motion.

   **Respondent shall address whether the Tenth Circuit's ruling in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) impacts the**

---

[1] Petitioner seeks an order from the Court for Respondents to show cause. [Doc. No. 2]. Because Petitioner represents he does not know the statutory basis under which he is detained by ICE, *see* [Doc. No. 1 ¶¶ 1–4 and Doc. No. 2 ¶ 3], the Court concludes that this order is appropriate and will secure an appropriate response by Respondent to his Petition. Thus, this order addresses Petitioner's motion [Doc. No. 2] and grants the motion only to the extent set forth in this order for a response by Respondent. **However, Respondent should review the motion [Doc. No. 2] in preparing its response to the Petition.**

[2] The Court may apply the Rules Governing 28 U.S.C. § 2254 Cases to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases; *Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (confirming that a district court "acted within its discretion by applying the Section 2254 Rules to this § 2241 petition" and citing Rule 1(b)).

**disposition of this case.**

2. If Respondent files an answer or other response, Petitioner may file a reply within 7 days from the filing date.

3. If Respondent files a pre-answer motion and Petitioner opposes that motion, Petitioner shall file a response within 10 days from the filing date. *See* LCvR7.1(g).

4. The Clerk of Court is directed to send the Petition and this Order to the United States Attorney for the Western District of Oklahoma on Respondent's behalf at the following address: 210 W. Park Ave., Suite 400, Oklahoma City, Oklahoma 73102.

5. The Clerk of Court is directed not to issue summons. *See* Rule 4 of the Rules Governing Section 2254 Cases (requiring a district court to "promptly examine" a petition and "[i]f the petition is not dismissed," then "order the respondent to file an answer, motion, or other response within a fixed time").

6. The Court notifies the parties that if Respondent files a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and relies on affidavits and/or documents not attached to or incorporated by reference in the Petition, the Court will likely convert the motion into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d), 56; *see also Alloway v. Jordan*, 69 F. App'x 431, 433 (10th Cir. 2003) (unpublished) (discussing conversion of a motion to dismiss in a habeas proceeding). Should this occur, Petitioner is notified of Petitioner's responsibility to respond to the motion and present to the Court all relevant evidence or materials.

IT IS SO ORDERED this 24th day of November 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE